UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**YUANYUAN DAGOSTINE,**

    **Plaintiff,**

  v.                                **Case Nos. 2:22-cv-2395, 2:22-cv-2397**
                                     **Judge Edmund A. Sargus, Jr.**
                                     **Magistrate Judge Elizabeth P. Deavers**

**LOUIS DEJOY,**

    **Defendant.**

## OPINION AND ORDER

This matter comes before the Court upon Defendant Louis DeJoy's Motions to Dismiss in two related actions Plaintiff Yuanyuan Dagostine brings against Defendant, Postmaster General of the United States, for alleged employment discrimination: Case Nos. 2:22-cv-2395, 2:22-cv-2397. For the reasons stated below, the Court hereby **ORDERS** that these cases be consolidated and **GRANTS** Defendant's Motions.

## BACKGROUND

Plaintiff is proceeding *pro se* in two related actions pending before this Court: Nos. 2:22-cv-2395 ("Action I") and 2:22-cv-2397 ("Action II"). Both Actions were filed on the same day and concern alleged discrimination Plaintiff suffered while working for the United States Postal Service. Action I alleges that the USPS discriminated against Plaintiff on the basis of race, sex, color, and in retaliation for a prior protected activity by reassigning a postal vehicle from her to another employee and forcing Plaintiff to work outside of her "restrictions." (Action I, ECF No. 1-1, at PageID # 6.) Action II alleges that Plaintiff was serving as an Acting Supervisor from March 2016–17, when USPS discriminated against her on the basis of race, national origin, sex,

and color by taking Plaintiff off of this higher-level detail. (Action II, ECF No. 1-1, at PageID # 6.) Both complaints were contained within applications to proceed *in forma pauperis*.

In Plaintiff's June 2022 application for *in forma pauperis* status, she represented that she earned a monthly income of $4,200, pays a mortgage on a $350,000 house, and owns two cars each valued at more than $40,000. (Action I, Pl. Mot., ECF No. 1, at PageID # 2–3.) The Magistrate Judge assumed that Plaintiff's reported monthly income of $4,200 was her net income. (Action I, Order, ECF No. 2, at PageID # 18.) The Magistrate Judge noted that the poverty guideline for a three-person household is an annual income of $23,030, which is less than half of Plaintiff's reported annual net income of $50,400. (*Id.*) The Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's application to proceed *in forma pauperis* be denied. (*Id.*)

Plaintiff subsequently objected to the Magistrate Judge's Report and Recommendation denying *in forma pauperis*. (Action I, Pl. Obj., ECF No. 4, at PageID # 23.) Plaintiff explained that her husband is a 100% disabled Veteran and receives a fixed income from the Veterans Affairs and Social Security Disability Insurance Program. (*Id.*) Plaintiff did not state the amount her husband receives on a monthly basis. (*See id.*) She further noted that she and her husband do not own the house or cars, claiming that "the banks own them," and that she and her husband have maxed out several credit cards. (*Id.*) Upon reviewing Plaintiff's letter, the Magistrate Judge withdrew the prior report and recommendation denying *in forma pauperis* and granted Plaintiff's motion to proceed *in forma pauperis* in both related actions. (Action I, Order, ECF No. 6; No. Action II, Order, ECF No. 6.)

Thereafter, Defendant was served with Plaintiff's complaints and filed Motions to Dismiss. (Action I, ECF No. 16; Action II, ECF No. 16.) Defendant filed under seal three pay period sheets demonstrating that Plaintiff's monthly net income over that timeframe was slightly over $5,000,

and her monthly gross income exceeded $8,000.[1] (Action II, ECF No. 15-1, at PageID # 81–83.) The pay sheets were for a six-week period covering May 2022 and early June 2022—the pay periods leading up to Plaintiff's Motions to Proceed *in forma pauperis*. (*Id.*) Defendant moved to dismiss Plaintiff's complaints for alleged misrepresentation of poverty to obtain *in forma pauperis*, failure to exhaust administrative remedies, and failure to state a claim. (Action I, ECF No. 16; Action II, ECF No. 16.)

Plaintiff untimely responded in each related case, only responding after the Court issued show cause orders in each Action. In her response to the Court's show cause order in Action II, Plaintiff shed further light on her family's income and expenses but did not dispute the pay period sheets provided by Defendant. Plaintiff stated her husband is a "100% Disabled Veteran" who receives $4,403.95 monthly from Veteran's Affairs, $1,438 monthly from "SSDI Self", and $801 monthly from "SSDI Dependent," totaling $6,642.95 per month. (Action II, Pl. Resp., ECF No. 22, at PageID # 141.) Plaintiff stated that she spends approximately $450 per month on car fuel and $400 per month for her child's Kung Fu and Art Classes. (*Id.*) Living in a multicultural household that has ties to China, Canada, and the United States, Plaintiff states that the family visits Canada one or two times per year, costing approximately $1,000 each trip. (*Id.*)

Defendant filed a reply in support of his Motion in Action II (ECF No. 23), but not Action I. The Motions in both Actions are ripe for this Court's review.

**ANALYSIS**

First, the Court *sua sponte* consolidates the two related cases. Second, the Court considers Defendant's arguments for dismissal.

---

[1] *Kirkland v. Donahoe*, No. 1:11-CV-048, 2012 WL 2360862, at *2 (S.D. Ohio June 20, 2012) ("The Court may consider evidence of a plaintiff's financial status when examining the truthfulness of an application to proceed *in forma pauperis*.").

3

I.     **Consolidation of Actions**

Federal Rule of Civil Procedure 42(a) affords the trial court the discretion to consolidate cases involving common questions of law or fact.  *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010–11 (6th Cir. 1993); *Mitchell v. Dutton*, Nos. 87–5574, 87–5616, 87–5632, 87–5638, and 87–5647, 1989 WL 933, at *2 (6th Cir. Jan. 3, 1989).  Rule 42(a) states as follows:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

 "The underlying objective [of consolidation] is to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex*, Corp., 962 F.2d 1177, 1181 (6th Cir. 1992) (internal quotation marks and citation omitted).  In *Cantrell*, the Sixth Circuit Court of Appeals advised that "the decision to consolidate is one that must be made thoughtfully . . . . Care must be taken that consolidation does not result in unavoidable prejudice or unfair advantage." 999 F.2d at 1011.  If the conservation of judicial resources achieved through consolidation "are slight, the risk of prejudice to a party must be viewed with even greater scrutiny." *Id*.

Here, consolidation is warranted.  These cases involve the same plaintiff bringing employment discrimination claims against the same defendant, and there appears to be no prejudice a party.  Thus, the Court **CONSOLIDATES** these two cases.  The Parties are **ORDERED** to file all future filings, if any, in Action I.

II.    *In Forma Pauperis* **Status**

Defendant argues that Plaintiff's complaints must be dismissed because Plaintiff misrepresented her financial information to gain *in forma pauperis* status.  The Court agrees.

Where a plaintiff's allegations of poverty are untrue, the Court must dismiss the complaint. 28 U.S.C. § 1915(e)(2). Dismissal is compulsory. *Donahoe*, 2012 WL 2360862, at *1 (citing *Redd v. Redmon*, No. 99–6001, 2000 WL 658291, at *1 (6th Cir. 2000)). In *Donahoe*, this Court dismissed a plaintiff's complaint on the basis that the plaintiff under-reported his income and failed to disclose sums on deposit in his checking, savings, and thrift savings accounts. *Id.* at *2 ("Based on these calculations alone, plaintiff's net income for January, 2011 was at least $800.00 more than the $2,400.00 claimed in his affidavit when submitting the motion to proceed *in forma pauperis*.").

Here, the Court finds that Plaintiff misrepresented her financial status. The payroll journals provided by Defendant demonstrate that Plaintiff's net monthly income was approximately $5,000 in the pay periods leading up to her *in forma pauperis* application, and her gross monthly income was approximately $8,000. (Action II, ECF No. 15-1, at PageID # 81–83.) Plaintiff's application, however, stated that her monthly income was $4,200, and she did not specify whether the amount was gross or net income. (Action II, Pl. Mot., ECF No. 1, at PageID # 2.) Moreover, Plaintiff's application and subsequent objection to the Magistrate Judge's report and recommendation denying Plaintiff's application did not disclose that her husband receives approximately $6,642.95 in disability benefits each month. (*See* Action I, Pl. Mot., ECF No. 1; Pl. Obj., ECF No. 4.) Accordingly, her represented $4,200 income was roughly $800 less per month than her actual net monthly income in the months preceding her application, without accounting for her husband's disability benefits. Additionally, her payroll summaries show several deductions that appear to go to her savings, such as her Thrift Savings Plan and other allotments, which were not disclosed in any of her prior filings. (Action II, ECF No. 15-1, at PageID # 81–83; Def. Mot., ECF No. 16, at PageID # 106.)

Plaintiff's stated expenses are further indication that she is not a pauper. While claiming to live paycheck to paycheck in her applications, Plaintiff's Response demonstrates that she spends $450 per month on car fuel, $570 per month on miscellaneous household bills including television streaming and pet care, and $400 per month on Kungfu and art classes for her child. (Action II, ECF No. 22, at PageID # 140–41.) Moreover, Plaintiff visits Canada once or twice a year, spending approximately $1,000 each time. (*Id.*)

Because the Court finds that Plaintiff's allegations of poverty were untrue, the Court dismisses Plaintiff's complaints. The Court does not reach the merits of Plaintiff's complaints.

## CONCLUSION

For the foregoing reasons, the Court **CONSOLIDATES** the two related actions and **ORDERS** the Parties to file all future filings, if any, in the No. 2:22-cv-2395 Action.

The Court **GRANTS** Defendant's Motions to Dismiss (No. 2:22-cv-2395, ECF No. 16; No. 2:22-cv-2397, ECF No. 16) in each related action on the grounds that Plaintiff misrepresented her income for *in forma pauperis* status. Plaintiff's complaints are hereby **DISMISSED without prejudice**. The Clerk is **DIRECTED** to **TERMINATE** and enter judgment in both Case Nos. 2:22-cv-2395 and 2:22-cv-2397.

**IT IS SO ORDERED.**

| | |
|---|---|
| **1/4/2024** | s/Edmund A. Sargus, Jr. |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |